IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLIE EAKLE,                          :

        Plaintiff,                     :          CIVIL NO. 4:CV-07-0725

        v.                             :          (Judge Jones)

FRANKLIN TENNIS, et al.,                 :

        Defendants.                    :          DEC 10, 2007

## MEMORANDUM AND O R D E R

### December 10, 2007

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Charlie Eakle ("Plaintiff"), currently an inmate at the State

Correctional Institution in Graterford, Pennsylvania, commenced this pro se action by

filing a Complaint (doc. 1) pursuant to the provisions of 42 U.S.C. § 1983.

On May 11, 2007, the Court issued an Order (doc. 6) affording Plaintiff an

opportunity to file an Amended Complaint within twenty (20) days. The Court

subsequently granted Plaintiff's Motion for an enlargement of time in which to file

his Amended Complaint, and on June 28, 2007, the Amended Complaint (doc. 9) was

filed.

For the reasons that follow, Plaintiff's Amended Complaint will be dismissed

for failure to comply with the Federal Rules of Civil Procedure, and Plaintiff will be

given one final opportunity to file an Amended Complaint.

## DISCUSSION:

Pro se parties are accorded substantial deference in federal court, and their

pleadings are construed liberally. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v.

Rowe, 449 U.S. 5, 9 (1980).  They are not, however, free to ignore the Federal Rules

of Civil Procedure.  Although there is no heightened pleading standard in § 1983

cases,[1] a § 1983 complaint must bear some relation to the rules.

Plaintiff's Amended Complaint fails to comply with Federal Rule of Civil

Procedure 10(a), which requires that, in the complaint, the title of the action shall

include the names of all of the parties.  See Fed. R. Civ. P. 10(a).  Not only are the

names of Defendants not included in the title of the action, they are not listed

anywhere else in the Amended Complaint.  The Amended Complaint contains

allegations against various individuals without clarifying which individuals are

intended to be named as Defendants to this action.

To the extent that Plaintiff intended to name as Defendants the individuals

---

[1] See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993).  The United States
Supreme Court rejected a heightened pleading standard, noting that a § 1983 complaint need only
comply "with the liberal system of 'notice pleading' set up by the Federal Rules."  Id. at 167.  See
also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) (noting that "Rule 8(a)'s simplified
pleading standard applies to all civil actions . . . .").

2

against whom he makes allegations in the Amended Complaint, Plaintiff's Amended

Complaint also fails to comply with Federal Rule of Civil Procedure 20. That Rule,

entitled Permissive Joinder of Parties, reads, in pertinent part:

> (2) Persons . . . may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> (B) any question of law or fact common to all defendants will arise in the action.
>
> (3) Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

Fed. R. Civ. P. 20(a).[2]

The Amended Complaint contains allegations against multiple individuals,

located at four different state correctional institutions. Further, it contains numerous

claims spanning a four and a half year period, which concern such unconnected issues

as excessive force, harassment, improper classification, and denial of medical care.

---

[2] As the Order of the Supreme Court adopting and amending the Rules indicates that the December 1, 2007 amendments "shall govern all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending," and as the 2007 Amendment to Rule 20 was intended to be stylistic only, the current text of the Rule applies. See The Order of the United States Supreme Court Adopting and Amending the Federal Rules of Civil Procedure (Apr. 30, 2007). See also Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, (3d Cir. 1995) (applying 1993 Amendment to action initiated prior thereto).

The claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question of law or fact common to all defendants. In short, a careful reading of Plaintiff's allegations shows that the only common thread they all share is that they allegedly occurred while he was incarcerated; Defendants and the alleged actions are disparate and unrelated. Accordingly, the claims do not satisfy the elements of joinder, and they are inappropriate for joinder under Rule 20.

Because Plaintiff's Complaint is not in compliance with the Rules, the Court cannot adequately screen this pleading to determine whether it presents a viable claim for relief or seeks relief against a party immune from suit. Thus, the Court will give Plaintiff a final opportunity to file an Amended Complaint that complies with the Rules.

Plaintiff is reminded that any Amended Complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the Complaint (doc. 1) and Amended Complaint (doc. 9) already filed. The Amended Complaint should set forth Plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should specify the offending actions taken by a particular Defendant, be signed, and indicate the nature of the relief

4

sought. Further, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. If Plaintiff fails to timely file an Amended Complaint within twenty (20) days from the date of this Order, this case will be closed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  Plaintiff's Amended Complaint (doc. 9) is dismissed for failure to comply with the Federal Rules of Civil Procedure.

2.  Within twenty (20) days of the date of this Order, Plaintiff shall file any Second Amended Complaint that he intends to file.

3.  Plaintiff is forewarned that, should he fail to submit a Second Amended Complaint within twenty (20) days of the date of this Order, this case will be closed.

4.  The Clerk of Court is directed to provide Plaintiff with two blank § 1983 civil complaint forms.[3]

John E. Jones III
United States District Judge

---

[3] We advise Plaintiff to consider using one to facilitate his drafting of any Second Amended Complaint as he may file.