IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLIE EAKLE, | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-07-0725 |
| v. | : | (Judge Jones) |
| FRANKLIN TENNIS, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

June 9, 2009

Plaintiff Charlie Eakle, an inmate confined at the State Correctional Institution in Graterford, Pennsylvania ("SCI-Graterford"), commenced this *pro se* action by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983. Presently before the Court is Eakle's renewed request for appointment of counsel. (Doc. 29). For the reasons set forth below, Eakle's request will be denied, and his claims against Defendants will be dismissed under Federal Rule of Civil Procedure 4(m).[1]

---

[1] This provisions states, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time . . .

Fed. R. Civ. P. 4(m).

I.  **BACKGROUND**

Eakle filed his original complaint on April 19, 2007. (Doc. 1). By Order dated May 11, 2007, Eakle's Complaint was dismissed for failure to follow the Federal Rules of Civil Procedure, but he was granted leave to file an Amended Complaint within twenty (20) days. (Doc. 6). Eakle's request for an extension of time to file his Amended Complaint was granted (Doc. 8), and on June 28, 2007, he filed an Amended Complaint, (Doc. 9).

Following screening of Plaintiff's Amended Complaint, on December 10, 2007, Eakle's Amended Complaint was dismissed for failure to comply with the Federal Rules of Civil Procedure. (Doc. 13-1). However, Eakle was granted "one final opportunity" to file a Second Amended Complaint that complies with Federal Rules of Civil Procedure 10(a) and 20(a). (*See id.*) Plaintiff's Second Amended Complaint was filed on January 7, 2008 (Doc. 14-1). Although the Second Amended Complaint was not wholly in compliance with the Federal Rules of Civil Procedure, it was significantly more compliant than previous versions, and thus on February 11, 2008, service of the Second Amended Complaint was ordered. (Doc. 16).

On March 25, 2008, unexecuted waivers of service were returned as to Defendants Gonzallas, Young, Seatal, Chamberlien, Singalton, Gilahane, O'Brien,

2

Mark Hall, Bobby Blaster, Ted Thomas, Jones, Kent, and Tommy Lee Johnson. (Doc. 17). The unexecuted waivers indicated that these Defendants are no longer employed at SCI-Graterford. (*See id.*). No waivers of service were returned by Defendants Dr. Walmer, Franklin Tennis, or Bullock.

On July 22, 2008, Eakle filed a Motion for Default Judgment (Doc. 20). By Order dated July 23, 2008, the Motion was denied because service of the Complaint had not been accomplished, and thus the Court did not have personal jurisdiction over Defendants to enter a default against them. (*See* Doc. 22 at 3). The Order directed the Clerk of Court to reissue the summons as to Defendants Dr. Walmer, Franklin Tennis, and Bullock. (*See* Doc. 22 at 4-5). The Order also directed Eakle to provide updated addresses within twenty (20) days as to the Defendants whose unexecuted waivers of service indicated that they no longer were employed at SCI-Graterford. (*See id.* at 4-5.). Eakle was warned that if he failed to provide updated addresses within the prescribed time, the claims against these Defendants would be dismissed pursuant to Fed. R. Civ. P. 4(m).

On August 8, 2008, Plaintiff filed a letter in response to the Court's July 23 Order stating that he sees "some" of the Defendants at SCI-Graterford on a daily basis. (*See* Doc. 23). He asserted that if the Defendants are no longer there that it is their

responsibility to provide updated addresses, and requested that the Court "check into it" for him. (*See id.*). In an Order issued on August 14, 2008, the Court reminded Eakle that it is not the Court's responsibility to identify and locate Defendants, but rather it is his responsibility to adequately identify them to enable the U.S. Marshals Service to effectuate service. (*See* Doc. 24 at 2). Accordingly, Plaintiff was given fifteen (15) days to provide full names, if possible, and addresses for Defendants Gonzallas, Young, Seatal, Chamberlien, Singalton, Gilahane, O'Brien, Mark Hall, Bobby Blaster, Ted Thomas, Jones, Kent, and Tommy Lee Johnson. (*See id.* at 3). The Court also directed Eakle to specify which of these Defendants he believed were employed at SCI-Graterford at that time. (*See id.*). Eakle was warned that if he failed to comply with these directions within fifteen (15) days, we would dismiss the claims against these Defendants without prejudice pursuant to Rule 4(m). (*See id.* at 4).

In a letter filed on August 26, 2008, Eakle provided names and addresses for all but two (2) of the aforementioned Defendants and stated that he was providing the information to the best of his knowledge. (*See* Doc. 26). He also clarified that one of the Defendants is Mark Hill rather than Mark Hall. (*See id.* at 2.) Based on the information provided by Eakle, by Order dated October 6, 2008, the Court directed the Clerk of Court to reissue the summons as to the following Defendants at SCI-

Graterford: Young, Danny Chamberlien, Singalton, O'Brien, Mark Hill, Ted Thomas, Tommy Johnson, Seatal, and Kent. (*See* Doc. 27 at 2). The Court also directed the Clerk of Court to reissue the summons as to Defendants Gilahane and Bobby Blaster at SCI-Smithfield. (*See id.*). Because Eakle did not provide any information as to Defendants Gonzalles and Jones, the claims against them were dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).[2] (*See id.*). To date, service has not been accomplished on any of the Defendants.

## II. DISCUSSION

### A. Motion to Appoint Counsel

On February 24, 2009, Eakle filed a "Memorandum of Law" in support of a motion to appoint counsel. (*See* Doc. 29). Although no motion accompanied the Memorandum of Law, in light of Eakle's *pro se* status, this document will be construed as a renewal of his first motion for appointment of counsel that was denied by Order dated February 11, 2008. (*See* Doc. 16). That Order provided that, if future

---

[2] On October 23, 2008, Eakle filed a letter stating that "Ms. D. Jones is employed hear [*sic*] at SCI-Graterford because on 9/25/2006 she had written me up." (*See* Doc. 28). Eakle attaches a copy of a Misconduct Report against him dated September 25, 2006 and signed by "D. Jones" as the reporting staff member. The Court fails to see how this 2006 misconduct report is evidence that Jones was employed at SCI-Graterford at the time the request for waiver of service issued to her was returned unexecuted on March 25, 2008. (*See* Doc. 17 at 7). Moreover, the docket reflects that Eakle has not made a motion to reinstate Jones as a defendant since the dismissal of the claims against her on October 6, 2008.

5

proceedings demonstrated the need for counsel, Eakle's request would be reconsidered. (*See id.*) However, in his present request, Eakle merely has reiterated his assertions that his case presents non-frivolous, complex legal issues. (*See* Doc. 29). Therefore, he has not presented sufficient special circumstances or factors which would warrant relief, and his request to appoint counsel will be denied. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007).

## B. Service of Second Amended Complaint

The Court addresses the issue of service of the Second Amended Complaint *sua sponte*. Eakle's Second Amended Complaint (Doc. 14-1) has not been successfully served on any Defendant. As this Court stated in its July 23, 2008 Order, Eakle is not responsible to effectuate service personally because he is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process" when the plaintiff is proceeding *in forma pauperis*). Nevertheless, Eakle is responsible to provide the necessary information to effect service within the time limit proscribed by Fed. R. Civ. P. 4(m). *See Banks v. One or More Unknown Named Confidential Informants of Federal Prison Camp Canaan*, No. 1:06-CV-1127, 2008 WL 2563355, at *1 n.1 (citing *Okagbue v. Ojekwe v. Federal Bureau of Prisons*, No. 03-2035, 2007 WL 4560075, at *3 (D.N.J. Dec. 26, 2007) (stating that a

prisoner must "furnish [ ] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause"); *Goodwin v. LA Weight Loss Centers, Inc.*, No. 99-6339, 2001 WL 34387933, at *1 (E.D. Pa. 2001) (*"As long as the plaintiff provides adequate information to identify the party to be served,* a complaint should not be dismissed under Rule 4(b) for the Marshals Service's failure to effectuate proper service." (emphasis added)).

As detailed in this Memorandum, Eakle has been given ample opportunity to provide sufficient identifying information to permit service upon Defendants, but has failed to do so. It has been well over 120 days since the Court directed service of the Second Amended Complaint (Doc. 14-1) on February 11, 2008, directed reissuance of the summons on Defendants Dr. Walmer, Franklin Tennis, and Bullock on July 23, 2008, and directed reissuance of the summons as to the Defendants for whom Eakle provided identifying information on October 6, 2008. Therefore, we will dismiss without prejudice all claims against Defendants. An appropriate Order shall enter.